### LAING v. RUSH.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

MOTION FOR NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

> Where the newly-discovered evidence on which a motion for a new trial is based, though not cumulative, is not conclusive against, but is easily reconcilable with, either plaintiff's or defendant's theory of the case, and the verdict already rendered would be abundantly supported by the evidence with the proposed testimony added, it is not an abuse of discretion for the judge who heard the evidence and observed the witnesses to overrule such motion.

Appeal from special term, Cattaraugus county.

Action by Solon S. Laing, president of the Bank of Cattaraugus, against Alonzo B. Rush, impleaded, etc., on a promissory note indorsed

by defendant. There was a verdict for plaintiff, and from an order denying his motion for a new trial on the ground of newly-discovered evidence, defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Eugene A. Nash, for appellant.

W. S. Thrasher, for respondent.

DWIGHT, P. J. The action was on a promissory note of $120, upon which the respondent has been duly charged as indorser. His defense was payment by him, in money, at the counter of the plaintiff's bank. For so simple an issue the evidence was conflicting upon an unusual number of questions involved. It related to transactions between the parties in connection with at least three notes upon which the defendant was liable, and involved an inquiry into the meaning of several entries in the books of the bank and the pass book of the defendant; and it was the more confusing, perhaps, by reason of a system of bookkeeping at the bank, which was not readily intelligible to persons not expert in that science. The evidence propounded as ground for this motion was, no doubt, newly discovered, and pertinent to the issue tried. It is also apparent from the affidavits read by both parties on the motion that it has already thrown light on the matters involved, with the effect, at least, of refreshing the recollection of witnesses on both sides in respect to transactions which occurred four years before the trial; so that it was clearly not cumulative only. But proposed evidence, to be ground for a new trial, must be not only newly discovered, pertinent to the issue, and not merely cumulative, but it must also be of such degree of cogency and importance as to give reasonable ground to believe that its production on the new trial will have the effect to produce a different result from that reached on the trial already had. It is in this respect that the learned judge at special term held that a case was not made for granting plaintiff's motion. It was the same judge who tried the case at the circuit. He had heard from the mouths of witnesses the evidence already given, had analyzed and arranged it for presentation to the jury; and had, no doubt, received a more lively impression of the credibility and weight of the testimony of the several witnesses than it is possible to do from the printed record; and he was better able to judge than we are how far the general force of the evidence, as it stood, would be affected by that proposed to be added on another trial. But our own examination of the case satisfies us that the proposed new evidence is by no means conclusive against, but is easily reconcilable with, either theory of the case; and that, as the trial judge remarks in the memorandum accompanying his decision of the motion, "it is very clear that the same verdict would be abundantly supported by the evidence" with the addition proposed. Such being the case, we are not at liberty to say that the court at special term did any violence to the discretion which it was called upon to exercise, in denying the motion for a new trial. Order appealed from affirmed, with costs. All concur.